EASTERN DIST.
June, 1840.

GOULE & LAM-
BERT, F. P. C.
vs.
VIDAL ET AL.

GOULE & LAMBERT, F. P. C. vs. VIDAL ET AL., F. P. C.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where a case presents merely a question of fact, the judge *a quo*, who heard the witnesses and saw the manner they testified, is more competent to judge of the degree of credibility to be given to their testimony, than this court, and his judgment in doubtful cases should be affirmed.

This is an action against Merced Vidal, f. w. c. as principal, and M. Debergue, f. m. c. as surety on a merchant's account. The plaintiffs annex their account for three hundred and sixty-six dollars and twenty-nine cents, and pray judgment against the defendants, *in solido*, for the amount thereof. The defendants severed in their answers. Vidal avers, she was to have been allowed twelve months credit, and if, at the end of that time, she was unable to pay, the plaintiffs were to take her note at ninety days. That this term has not yet expired, and the plaintiffs have no right of action.

Debergue says, he went to the plaintiffs to ascertain if they would give his co-defendant the same credit and time, as they allowed to him, to wit., twelve months, and take a note at ninety days, if not convenient to pay, to which they assented. He expressly denies having bound himself for her to the plaintiffs in any way. The plaintiffs' clerk swore positively that the defendants were both at the store together, and that the goods were sold expressly on the condition that Debergue should be security for Vidal; and that he had directions from Lambert, one of the plaintiffs, not to deliver the goods, except on an order from Michel Debergue, or from him personally.

EASTERN DIST.
June, 1840.

GOULE & LAM-
BERT, F. P. C.
vs.
VIDAL ET AL.

Debergue's witness swore as positively, that he was with the defendants in plaintiffs' store, and Lambert told Vidal that she could take goods payable at one year's credit. There was no question about Debergue's becoming her surety. He did not say if she could not pay, he would pay for the goods she took, and he did not tell Lambert to deliver the goods to her on his account, &c.

The judge presiding, notwithstanding the contradictions in the statements of the witnesses, was of opinion the plaintiff should recover against both defendants. Judgment was rendered accordingly, and Debergue appealed.

*Preaux,* for the plaintiffs and appellees.

*Bodin,* contra.

*Simon, J.,* delivered the opinion of the court.

One of the defendants, sued as the surety of the other, denies expressly to have ever bound himself as such security; the claim is founded on an account of goods and merchandize, the amount of which is admitted. There was judgment in the court below against both defendants, and the surety appealed.

This case presents merely a question of fact, and although there appears to be some contradiction in the evidence, we are not prepared to say that the plaintiff's witness ought not to be believed, and that the parish judge who heard both witnesses, who saw the manner in which they testified, and who is more competent than we are to judge of the degree of credibility to be placed in their testimony, erred in giving judgment in favor of the plaintiff.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the Parish Court be affirmed, with costs.